### MARTHA HARMON, Wife of L. C. TEMPLE, v. J. RYAN.

A donation, *propter nuptias*, not duly registered until after a third party has acquired a judicial mortgage upon the property donated, is not valid as against the creditor, who has previously recorded his judgment.

Such a donation, when made by one who is insolvent to the knowledge of the donee, and when it embraces the whole of the donor's property, is not valid as against creditors.

APPEAL from the District Court of Calcasieu.

*T. H. Lewis & Porter*, for plaintiff.   *B. F. Linton & J. K. Elgee*, for defendant and appellant.

BUCHANAN, J.   *Leonard C. Temple* made a donation, *propter nuptias*, to the plaintiff, by authentic act before the Recorder of Calcasieu parish, of certain slaves and other property, on the 22d March, 1851; and on the same day, after said contract was passed, the parties thereto were married.

This donation was recorded in the parish Register of Conveyances, on the 24th March, 1851.

On the 22d March, 1851, the same day with the marriage, a verdict of a jury and judgment thereupon were rendered and signed in the District Court of Calcasieu parish, in favor of defendant against *Leonard C. Temple*, which judgment was recorded on the 22d March, 1851.   On the 7th April, 1851, the slaves mentioned in the marriage contract aforesaid, were seized in execution of the judgment of defendant against *Temple;* and on the 7th June, 1851, said slaves were adjudicated at Coroner's sale, to defendant, who has had possession under said sale, up to the time of the institution of this suit, in 1853.

Plaintiff claims said slaves, as owner, under the donation *propter nuptias* aforesaid.   Defendant resists the claim on the ground that plaintiff's title was not recorded at the time of the registry of defendant's judgment against *Temple;* and also that the donation in question was illegal and void, as to third persons, being a donation of all the donor's property, (said donor being insolvent to the knowledge of the plaintiff,) and made for the purpose of defrauding donor's creditors, and particularly to frustate and defeat the collection of defendant's judgment against the donor.

Both these grounds of defence are made out by the evidence.

The law gives no effect to acts of alienation against third persons, unless they have been regularly enregistered. Hennen's Dig. 1360. The proper place for enregistering marriage contracts, is the Recorder's office of the parish. Acts of 1846, page 72.

The defendant had acquired a judicial mortgage upon these slaves, before the registry of plaintiff's title.

On the other ground of defence, the evidence is equally explicit. The donation of *Temple* to plaintiff, comprised all his property. It was made on the same day that a judgment for a larger amount than the total value of the property, was entered up against him. The circumstances were the subject of general attention and town talk in Marion, and were viewed by the public as a race between a creditor and debtor.

A title acquired under such circumstances, cannot avail the plaintiff. Her counsel has objected to the allegations and proof of fraud in this case, on the ground that the defendant should have instituted the revocatory action. But this is a petitory action. No opposition was made to the seizure and sale of the property; it had been in possession of defendant for two years, when he was cited in this suit; the plaintiff must succeed by the strength of her title; and all legal defences against her title are competent to the defendant, whose possession she seeks to disturb.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment in favor of defendant, with costs in both Courts.